IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FARLOC ARGENTINA, S.A. | ) | Case No. 04-CV-1549 |
| Appellant, | ) ) ) | On Appeal from an Order of the United States Bankruptcy Court for the District of Delaware in |
| v. | ) ) | Case No. 01-10578 (RTL) |
| FEDERAL-MOGUL GLOBAL INC., T&N LIMITED, et al., | ) ) ) | Honorable Joseph H. Rodriguez |
| Appellees. | ) ) x | |

## APPENDIX TO OPENING BRIEF OF APPELLEES

Counsel for the Appellees:

James F. Conlan
Larry J. Nyhan
Kevin T. Lantry
Kenneth P. Kansa
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
PACHULSKI, STANG, ZIEHL, YOUNG,
JONES & WEINTRAUB P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Dated: July 1, 2005

CH1 3276806v.1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FEDERAL-MOGUL GLOBAL INC., | ) | Case No. 01-10578 (RTL) |
| T&N LIMITED, et al., | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

**DECLARATION OF CHARLES H. POLZIN IN SUPPORT OF
DEBTORS' MOTION FOR ORDER APPROVING AND
AUTHORIZING REJECTION OF LICENSING AGREEMENT**

| | | |
|---|---|---|
| STATE OF MICHIGAN | ) | |
| | ) | ss. |
| COUNTY OF OAKLAND | ) | |

CHARLES H. POLZIN, being duly sworn, deposes and says as follows:

1. I am Associate General Counsel for Federal-Mogul Corporation, which is a debtor and debtor in possession and the parent company of all the debtors and debtors in possession in these jointly administered cases (the "Debtors"). I am generally familiar with the Debtors' business affairs and the leases and contracts that the Debtors have acquired.

2. I submit this declaration (the "Declaration") in support of the motion (the "Motion") for order, pursuant to section 365(a), approving and authorizing the rejection of the Licensing Agreement[1] with Farloc Argentina S.A. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by other members of the Debtors' management, upon review of relevant documents, or upon my opinion based upon my experience and knowledge of the Debtors' operations and financial condition. If I were called on to testify, I could and would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Motion.

3. I have conferred with the Debtors' business personnel respecting the reasons as to why the Debtors are rejecting the Licensing Agreement. I have further been involved with the Debtors' business personnel in obtaining the information with respect to the benefits to be realized from rejection of the Licensing Agreement and the potential consequences of such a rejection. Based on those dealings, it is my understanding that the Licensing Agreement no longer comports with the Debtors' long-term business plans in Argentina and South America.

4. Moreover, in the Debtors' business judgment, the minimal stream of revenues generated from the Licensing Agreement do not justify the rights granted to Farloc under the Licensing Agreement. In 2002 and 2003, the royalties paid to FMP by Farloc under the Licensing Agreement were $49,991.00 and $27,000.00, respectively. Dating back to 1998, in no calendar year have the royalties paid to FMP by Farloc under the Licensing Agreement exceeded approximately $100,000. The Debtors believe that rejection of the Licensing Agreement will facilitate the development of certain potential business opportunities for the Debtors in Argentina and South America that may be more lucrative than the Licensing Agreement with Farloc, and hence rejection of the Licensing Agreement should be approved on that basis.

5. Furthermore, approximately 76% of the outstanding stock of Farloc is owned by Dana Argentina, S.A., which is a subsidiary of Dana Corporation. Dana Corporation is a significant competitor of the Debtors, particularly in the aftermarket sales of brake systems and brake fluid. The Debtors believe that it is imprudent that a competitor has such control over its Wagner and other valuable trademarks and technology of the Debtors in any market. For this additional reason, the Debtors believe that rejection of the Licensing Agreement is warranted.

B000002

6. Accordingly, the Debtors have concluded that the rejection of the Licensing Agreement is supported by the Debtors' business judgment and that the rejection of Licensing Agreement is in the best interest of the Debtors and their estates.

B000003

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
Charles H. Polzin
Associate General Counsel
Federal-Mogul Corporation